Honolulu, November 20th, 1870.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### BENIAMINA *vs.* THOMAS CLARK.

NATURAL LANDMARKS like rocks, preferred to artificial bounds.
An adjoining tenant cannot injure the PARTITION WALL.

Exceptions to the finding of the Court at *nisi prius*, as not sustained by law and evidence, judgment having been given for the plaintiff in the sum of $100 and costs. The exceptions were overruled and the judgment was affirmed, but the Court rendered no further opinion. The following is the statement of the cause.

S. B. Dole for plaintiff.

R. G. Davis for defendant.

Appeal by the plaintiff from the Police Court of Honolulu.

The plaintiff claims $150 damages to his land by the defendant's trespass in entering and destroying strawberry vines and trees. The defendant defends by claim of title in himself of the portion of land in dispute. The time laid for the alleged trespass is in 1868 and 1869, and the land in question

is known as Puahiki, situate in Honolulu. The plaintiff's title rests on a Royal Patent dated in 1855, in which the land is described by metes and bounds, and directions. S. P. Kalama testified for the plaintiff that he surveyed the land according to the original patent, and brought the disputed portion within the same, the line passing directly through the trees which were felled, and that he had surveyed lands for many years. The defendant's title rests on a deed from His late Royal Highness, M. Kekuanaoa, dated in 1850, and according to a survey by Capt. Pease, the disputed portion lies within the defendant's land. Witnesses for the plaintiff testified that he, with his father, had been in possession over twenty years, undisputed until the defendant's claim in 1868; also, that since that time, the defendant had destroyed a strawberry bed on the land claimed by both parties, the proceeds of which the previous year had been $100, and also felled and used some thirty-one trees, the value of which one witness testified to be $12 for each tree, for purpose of fuel, but there was no definite evidence of the quantity of wood contained in the trees. There was also evidence that the defendant refused to allow his own deed to be used by Kalama in surveying the plaintiff's lot. The original deeds were in evidence. Jury was waived by agreement, and the cause was argued and decided in vacation as of the term.

HARTWELL, J. :

The defendant's title by deed from Kekuanaoa, dated in 1850, does not necessarily conflict with the plaintiff's title by Royal Patent dated in 1855, although if there were any conflict, the latter would prevail. But on hearing the evidence of the surveyor, Kalama, who explained his mode of making the survey in clear and exact terms, and on noting that the bounds mentioned in the later deed are of a more fixed and permanent nature, being natural landmarks like rocks, than in the earlier deed which refers for several of its bounds merely to adjoining taro patches, I have no hesitation in

finding that Kalama's survey has ascertained the true limits of the plaintiff's lot. The evidence also satisfies me that the plaintiff's strawberry bed, of the value of $100, without deducting cost of cultivation and selling crop, and also the trees, were destroyed by the defendant. The evidence is somewhat unsatisfactory as to whether the plaintiff or his father planted the trees, or whether they were set out by another person, not connected with them. The line of boundary fell in this line of trees. The defendant at best had only the rights of an adjoining tenant in a partition wall, and he is liable in trespass for destroying the trees without the plaintiff's consent. His conduct in refusing the use of his deed to the surveyor Kalama shows that he was not confident of his own title. There was no evidence of the skill or experience possessed by the surveyor Pease. The evidence is not sufficiently exact concerning the measure of damage to enable me to assess it at the full extent of the testimony, but I am satisfied that damage was caused to the strawberries and to the plaintiff's interest in the trees, to the extent of $100. My judgment then is for the plaintiff, and I assess the damages at $100, with costs.